# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# (FORT MYERS DIVISION)

| | | |
|---|---|---|
| KOTORI DESIGNS, LLC d/b/a INKWELL PRESS, a North Carolina limited liability company, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. _____ |
| vs. | ) ) | |
| LIVING WELL SPENDING LESS, INC., a Florida corporation, and RUTH SOUKUP, an individual, | ) ) ) ) | |
| Defendants. | ) | |

## VERIFIED COMPLAINT

Plaintiff Kotori Designs, LLC d/b/a Inkwell Press ("inkWELL Press"), for its Complaint against Living Well Spending Less, Inc. ("LWSL") and Ruth Soukup ("Soukup") (collectively "Defendants"), states as follows:

## THE PARTIES

1. InkWELL Press is a limited liability company organized and existing under the laws of the State of North Carolina, having a place of business at 41 Ledgestone Dr., Fairview, North Carolina 28730.

2. Upon information and belief, LWSL is a corporation organized and existing under the laws of the State of Florida and having a place of business at 207 Cross St., Punta Gorda, Florida 33950.

3. Upon information and belief, Soukup is a resident of the State of Florida with a place of residence at 327 Caicos Dr., Punta Gorda, Florida 33950. Soukup is the president, secretary and registered agent of LWSL.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a), and 1338(b), as it involves substantial claims arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, together with other related claims under state law. This Court has subject matter jurisdiction over the federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and has subject matter jurisdiction over the state law claims under 28 U.S.C. § 1338(b), since those claims are joined with substantial and related claims under federal law.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) in that, among other things, Defendants reside in this District, and a substantial part of the events or omissions giving rise to the claims herein have occurred, and continue to occur, in this judicial district.

6. This Court has personal jurisdiction over Defendants, which reside in, are located in, and conduct business within, the State of Florida and within this District.

## NATURE OF ACTION

7. This is an action against Defendants for common law trademark infringement in violation of 15 U.S.C. § 1125(a); and for unfair competition arising out of the use of false designations of origin and false and misleading descriptions and representations in violation of 15 U.S.C. § 1125(a).

# FACTS

## inkWELL Press' Adoption and Use of the LIVEWELL PLANNER Mark

8. inkWELL Press is a leading supplier of organizational products for women, offering several styles of weekly planners, journals, notepads, fitness logs, meal planners, and other accessories designed to organize, simplify and better its consumers' lives.

9. Since its inception, inkWELL Press' weekly planners have gained a reputation for being functional, beautiful, and for featuring superior construction and materials.

10. From the beginning, inkWELL Press' flagship product, the liveWELL Planner, has been a weekly planner featuring multiple pages for goal setting throughout and has included extra sections focusing on finances, travel, and more. Since 2014, all liveWELL Planner products have featured motivational messages throughout and offered links to an empowering series of set up videos to help consumers use the planners (and inkWELL Press' other products) to assist in maximizing their happiness and productivity.

11. In approximately October 2014, inkWELL Press began advertising its LIVEWELL PLANNER product. Thus, at that time, inkWELL Press adopted and began using in commerce the LIVEWELL PLANNER mark in association with its day planners and related accessories.

12. inkWELL Press has invested substantial time, effort, and expense in advertising and promoting its goods provided under the LIVEWELL PLANNER mark throughout the United States and abroad. As a result, the LIVEWELL PLANNER mark constitutes an extremely valuable asset belonging solely and exclusively to inkWELL Press.

13. Since October 2014, inkWELL Press has generated seven-figure revenues. Approximately 60% of inkWELL Press' total revenue is attributed to goods sold in connection with the LIVEWELL PLANNER mark.

14. Since October 2014, inkWELL Press has sold goods bearing the LIVEWELL PLANNER mark in all fifty states, the District of Columbia, Puerto Rico, Guam, Armed Forces Europe, Armed Forces Pacific, as well as over forty additional countries.

15. inkWELL Press' widespread, consistent and continuous use of the LIVEWELL PLANNER mark has led to substantial distinctiveness and goodwill in the marketplace. As a result, inkWELL Press enjoys the exclusive right to use the LIVEWELL PLANNER mark in the United States in connection with the goods provided by inkWELL Press.

16. The LIVEWELL PLANNER products were first sold at least as early as October 22, 2014. A true and correct copy of inkWELL Press' website as of October 17 and 18, 2014, are shown here:





True and correct copies of the inkWELL Press website from October 17, 2014 to August 15, 2016 are attached to this Complaint as Exhibit 1. True and correct copies of screenshots of inkWELL Press' Facebook posts from January 2, 2015 to August 28, 2015 and relating to the

LIVEWELL PLANNER products are attached to this Complaint as Exhibit 2. True and correct copies of screenshots of YouTube videos from the fall of 2014 reviewing the LIVEWELL PLANNER products are attached to this Complaint as Exhibit 3. True and correct copies of order confirmations demonstrating sales of the LIVEWELL PLANNER products as early as October 22, 2014 are attached as Exhibit 4.

17.     On March 3, 2016, inkWELL Press filed , U.S. Trademark Application Serial Number 86/927,903 in International Class 016 for LIVEWELL PLANNER, for use in connection with blank journals, calendars, customizable journal books, day planners, and ink stamps. The '903 trademark application specifies that the mark was in use in interstate commerce at least as early as October 22, 2014.

**Defendants' Adoption and Use of the Infringing Marks**

18.     Upon information and belief, LWSL has been in operation since 2010 as a website offering financial advice.

19.     Upon information and belief, in November 2015, LWSL adopted and began using the LIVING WELL PLANNER mark in association with stationery, daily planners, day planners, weekly and monthly planners, blank journals, personalized writing journal; paper stationery, notebooks, and notepads.

20.     On November 5, 2015, LWSL filed U.S. trademark application Serial Number 86/810,626 in International Class 016 for the LIVING WELL PLANNER mark for stationery, daily planners, day planners, weekly and monthly planners, blank journals, personalized writing journal; paper stationery, notebooks, and notepads. The '026 trademark

application alleges that LWSL's LIVING WELL PLANNER mark was first use in interstate commerce of on November 5, 2015.

21. Prior to November 5, 2015, Plaintiff inkWELL Press had already sold several thousand goods bearing the LIVEWELL PLANNER mark and generated revenues in the hundreds of thousands of dollars of goods in connection with the LIVEWELL PLANNER mark.

22. On June 14, 2016, Soukup filed U.S. trademark application serial number 87/070,158 in International Class 035 for the LIVING WELL SHOP mark for on-line retail store services featuring a wide variety of stationery, namely, daily weekly, monthly and yearly planners, blank journals, personalized writing journals, paper stationery, notebooks notepads, calendar, books, gift items and accessories, and DVDs. Soukup filed the application for the LIVING WELL SHOP mark on an intent-to-use basis.

23. On information and belief, Soukup's earliest possible first use of the LIVING WELL SHOP mark is April 26, 2016, the date she registered the domain name https://livingwellshop.co/.

24. On information and belief, Defendants are using the LIVING WELL SHOP mark to promote, market, and sell products under the LIVING WELL PLANNER mark. The LIVING WELL PLANNER and LIVING WELL SHOP marks will be collectively referred to herein as "the Infringing Marks."

25. Defendants' goods and services provided in connection with the Infringing Marks are closely related to, if not identical to, the goods offered by inkWELL Press in connection with the LIVEWELL PLANNER mark. The LIVEWELL PLANNER mark, the

LIVING WELL PLANNER mark, and the LIVING WELL SHOP mark are all used in connection with the sale of planners. Though of differing quality, the planners offered under both marks are similar. Though the Defendants' 2016 planners were larger in size, Defendants' 2017 planners are similar in size to the Plaintiff's LIVEWELL PLANNER products. Both planners are sold as a weekly planner in vertical format. Both planners include full color throughout, include goal setting pages, financial planning sections, two-page monthly spreads, two-page weekly spreads, an important dates section. Plaintiff's planners include a "Notes & Ramblings" page each month, whereas Defendants' planners include a monthly "Notes & Ideas" page.

26. Both the Plaintiff and the Defendants market their planners to women above the age of 18, particularly, stay-at-home mothers and working mothers leading busy lives. Currently, both the LIVEWELL PLANNER products and the LIVING WELL PLANNER products are sold exclusively online. Currently, both the LIVEWELL PLANNER products and the LIVING WELL PLANNER products are advertised online and primarily through social media platforms such as Facebook and Instagram. Both parties also have YouTube videos showcasing and advertising their products. These videos are used to promote each party's goods on its website and its various social media sites. Upon information and belief, Defendants are specifically targeting their ads to Plaintiff's fans on Facebook. Thus, both goods are marketed to the same consumers and travel in the same channels of commerce.

27. The LIVEWELL PLANNER mark and the LIVING WELL PLANNER mark are highly similar in appearance, sound, meaning and overall commercial impression.

28. Upon information and belief, Defendants have been aware, since prior to the acts complained of herein, of the goodwill represented and symbolized by the LIVEWELL PLANNER mark and of the public recognition and reliance upon the LIVEWELL PLANNER mark as identifying the goods of inkWELL Press, and as distinguishing inkWELL Press' goods from those of others.

29. Notwithstanding such knowledge, upon information and belief, Defendants have intentionally and/or recklessly encroached upon the LIVEWELL PLANNER mark by adopting the LIVING WELL PLANNER mark, by the using the LIVING WELL PLANNER mark in communications and in their advertising and marketing material, and by offering for sale and selling goods identical to those offered by inkWELL Press under the LIVING WELL PLANNER mark, all with the intent to trade upon the goodwill associated with the LIVEWELL PLANNER mark, and to confuse and mislead the public into believing that Defendants' day planners and accessories originate or emanate from or are affiliated with inkWELL Press, and/or that they have been sponsored or approved by inkWELL Press.

30. On June 17, 2016, the United States Patent and Trademark Office issued an office action in inkWELL Press' application for registration of the LIVEWELL PLANNER mark. The June 17 office action identifies the application for the LIVING WELL PLANNER mark and states that, if the LIVING WELL PLANNER mark issues, the LIVEWELL PLANNER mark "may be refused registration under Trademark Act Section 2(d) because of a likelihood of confusion between the two marks."

31. Defendants' use of the Infringing Mark is likely to create confusion in the marketplace among purchasers and prospective purchasers of inkWELL Press' goods.

Indeed, Defendants' use of the LIVING WELL PLANNER mark in the marketplace has already created actual confusion in the marketplace. In the comments section of a blog (available at: http://kaysepratt.com/2015/10/the-ultimate-planner-review-2016-edition.html) reviewing the LIVEWELL PLANNER product and ten other planners from various third party vendors, not including planners from the Defendants, the commenter confuses the LIVEWELL PLANNER product and the LIVING WELL PLANNER mark. The commenter also confuses the source of the Plaintiff's LIVEWELL PLANNER product and attributes it to LWSL:



Kimberly says
june 11, 2016 at 10:06 am

After reading your reviews and what all these other planners have to offer, I have now decided to discard my Live Well Planner from LWSL. I do like it, but I just ordered one from Plum Paper that I am sure to love! The Living Well Planner just has too many pages that I won't use and I really like the daily vertical design of the Plum Paper Planner. Thank you for taking the time to review all of these planners.

Reply

A true and correct copy of this screenshot is attached as Exhibit 5. Her post reviewing planners is one of the most visited posts on her blog.

32.     Defendant is taking orders for and is on the verge of shipping on August 31, 2016, a substantial number of goods bearing the LIVING WELL PLANNER mark. A true and correct copy of a July 12, 2016, communication evidencing this upcoming shipment date is attached as Exhibit 6. Despite the date stated in the July 12, 2016 communication, on information and belief, Plaintiff has reason to believe that goods bearing the LIVING WELL

PLANNER mark will be shipped this week, the week of August 15-19, 2016. True and correct copies of screenshots of Defendants' Facebook comments stating the shipment could occur the week of August 15-19, are attached as Exhibit 7.

33. Shipment of the infringing planners is likely to harm inkWELL Press' business reputation because though the infringing planners are a competing product, they are not of the same high quality as the Plaintiff's planners. Defendant's planners are of lower paper weight, are comprised of undated calendars, have no elastic band to keep the planner closed, are not custom bound, have no accordion pocket, have no snap in ruler, and have no gold foil details like the Plaintiff's planners. These high quality features and attention to detail is what the Plaintiff is known for.

34. inkWELL Press has been damaged and is likely to be further damaged by Defendants' wrongful use of the LIVING WELL PLANNER mark, in that the relevant purchasing public has been and is likely to continue to be induced into purchasing Defendants' day planners and accessories on the mistaken belief that those goods originate or emanate from or are somehow endorsed, sponsored, or approved by inkWELL Press, which they are not.

## CAUSES OF ACTION

### COUNT I

**COMMON LAW TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1125(a))**

35. inkWELL Press repeats and realleges paragraphs 1 through 34 above as if fully set forth herein.

36. inkWELL Press has common law rights in the LIVEWELL PLANNER mark based on its continuous use of the LIVEWELL PLANNER mark throughout the United States in connection with day planners and related accessories.

37. Defendants' unauthorized use of the LIVING WELL PLANNER mark to promote, advertise, market, offer for sale, and/or sell their goods has caused and is likely to cause confusion, mistake, and deception of the public as to the identity and origin of Defendants' goods, or as to a connection or affiliation with inkWELL Press, or permission from inkWELL Press, that does not exist, causing irreparable harm to inkWELL Press for which there is no adequate remedy at law.

38. Despite their actual and constructive knowledge of inkWELL Press' ownership and prior use of the LIVEWELL PLANNER mark, Defendants have continued to use the LIVING WELL PLANNER mark without inkWELL Press' authorization or consent, Defendants' actions are deliberate and willful and have been done with the intention of trading upon the valuable goodwill built by inkWELL Press in its LIVEWELL PLANNER mark.

39. inkWELL Press has no control over the quality of the goods provided by Defendants in association with the LIVING WELL PLANNER mark. Because of the likelihood of confusion as to the source of Defendants' goods, inkWELL Press' valuable goodwill in the LIVEWELL PLANNER mark is at the mercy of Defendants' unauthorized use of the confusingly similar LIVING WELL PLANNER mark.

40. Defendants' aforesaid acts have caused and, unless and until such acts are restrained and enjoined by this Court, will continue to cause great and irreparable injury to inkWELL Press.

41. inkWELL Press has no adequate remedy at law for the wrongful acts of Defendants.

42. As a result of Defendants' actions, inkWELL Press has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

## COUNT II

### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

43. inkWELL Press repeats and realleges paragraphs 1 through 42 above as if fully set forth herein.

44. The aforesaid acts of Defendants constitute the use in commerce of names and designs, false designations of origin and false or misleading descriptions and representations associated with inkWELL Press' common law trademarks, all in violation of 15 U.S.C. § 1125(a).

45. Defendants' aforesaid acts have caused and, unless and until such acts are restrained and enjoined by this Court, will continue to cause great and irreparable injury to inkWELL Press.

46. inkWELL Press has no adequate remedy at law for the wrongful acts of Defendant.

47. As a result of Defendants' actions, inkWELL Press has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff inkWELL Press prays for judgment against Defendants as follows:

1. That Defendants and their agents, servants, employees, attorneys, successors, and assigns, and any and all persons acting in concert or participating with them, or any of their successors or assigns, be both preliminarily and permanently enjoined from directly or indirectly:

    a. Using the Infringing Marks, or any reproduction, counterfeit, copy, or colorable imitation of the same, in any form, in connection with day planners, related accessories, and related services, including retail services; and

    b. Using the Infringing Marks, or any other design or trademark that is confusingly similar to the Infringing Marks, in any manner likely to cause others to believe that Defendants' goods or services are endorsed, sponsored by, or affiliated with inkWELL Press; and

    c. From pursuing the U.S. trademark applications for the LIVING WELL PLANNER mark, Serial Number 86/810,626, and the LIVING WELL SHOP mark, Serial Number 87/070,158.

2. That Defendants, and any and all persons controlled by or acting in concert with Defendants, be required to deliver to inkWELL Press for destruction all materials that bear or depict the Infringing Marks or any other trademark that is confusingly similar to the LIVEWELL PLANNER mark, or that there are otherwise in violation of this Court's order issued pursuant hereto.

3. That Defendants be required to account to inkWELL Press for Defendants' sales from their provision of goods sold under the Infringing Marks, and for such sum in addition thereto as the Court and/or jury shall find just.

4. That this case be found exceptional and that inkWELL Press be awarded its attorneys' fees pursuant to 15 U.S.C. § 1117(a).

5. That Defendants be required to disgorge their profits and other ill-gotten gains resulting from their wrongful conduct.

6. That inkWELL Press recover all taxable costs of this action, including reasonable attorneys' fees and both pre- and post-judgment interest.

7. That inkWELL Press be awarded punitive damages in view of Defendants' wanton and deliberate illegal acts committed with oppression, fraud, or malice.

8. That inkWELL Press be awarded such other and further relief as this Court deems just and proper.

Dated: August 15, 2016.

Respectfully submitted,

By: *Kelly D. Haywood*
Kelly D. Haywood,
Florida Bar No. 16600
BIVINS & HEMENWAY, P.A.
1060 Bloomingdale Ave.
Valrico, Florida 33596
Telephone: (813) 643-4900
Facsimile: (813) 643-4904
khaywood@bhpalaw.com

-and-

Evan W. Talley (*pro hac vice* pending)
OK Bar Assn. No. 22923
DUNLAP CODDING PC
609 West Sheridan Ave.
Oklahoma City, OK 73102
Telephone: (405) 607-8600
Facsimile: (405) 607-8686
etalley@dunlapcodding.com

**ATTORNEYS FOR PLAINTIFF KOTORI DESIGNS, LLLC D/B/A INKWELL PRESS**

# VERIFICATION

State of _North Carolina_ )
                          : ss.
County of _Buncombe_ )

Tonya Dalton, being duly sworn, under penalty of perjury, deposes and says:

1. I am over eighteen (18) years of age and mentally competent to testify in this matter, and from firsthand knowledge state:

2. I am the Owner and Chief Executive Officer at Kotori Designs, LLC d/b/a inkWELL Press, the plaintiff in the foregoing action.

3. I have read the foregoing Verified Complaint, and can state that its factual contents are true and based upon my personal knowledge, except as to all matters alleged upon information and belief, which matters I believe to be true based on my review of pertinent documents and conversations with persons with knowledge.

_____
Tonya Dalton

Sworn before me this

_15_ day of _August_, 2016

_____
Notary Public
Anne M. Costanzo

[Notary Seal: ANNE M COSTANZO, NOTARY PUBLIC, BUNCOMBE COUNTY, NC]

My Commission Expires April 10, 2018

Scanned by CamScanner