UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KOTORI DESIGNS, LLC, a North
Carolina limited liability
company d/b/a Ink Well
Press,

        Plaintiff,

v.                       Case No: 2:16-cv-637-FtM-99CM

LIVING WELL SPENDING LESS,
INC., a Florida corporation
and RUTH SOUKUP, an
individual,

        Defendants.

---

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion for Preliminary Injunction (Doc. #2) filed on August 15, 2016. Defendants filed a Response (Doc. #29) on September 16, 2016 and Plaintiff filed a Reply (Doc. #30) on September 22, 2016.  For the reasons set forth below, Plaintiff's Motion is denied.

**I.**

On August 15, 2016, Plaintiff Kotori Designs, LLC d/b/a/ InkWell Press (Plaintiff) filed a two-count Complaint (Doc. #1) against Defendants Living Well Spending Less, Inc. (LWSL) and Ruth Soukup (Ms. Soukup) (collectively, Defendants) alleging common-law trademark infringement and violations of Section 1125(a) of the Lanham Act, 15 U.S.C. §§ 1051 et seq.  Plaintiff contends that Defendants are selling a weekly-planner product whose name, the "Living Well Planner," infringes upon the common-law "Livewell

Planner"[1] mark associated with Plaintiff's own successful weekly planner.  Plaintiff alleges further that the "Living Well Planner" is being sold online in Defendants' "Living Well Shop," which name also infringes Plaintiff's trademark.  The Complaint seeks, _inter alia_, to preliminary and permanently enjoin Defendants from using their "Infringing Marks" (i.e. "Living Well Planner" and "Living Well Shop") "in connection with day planners, related accessories, and related services, including retail services," and from continued pursuit of their trademark applications for "Living Well Planner" and "Living Well Shop"; to require Defendant to deliver all materials containing the Infringing Marks to Plaintiff for destruction; and to make Defendants account to Plaintiff for sales associated with the Infringing Marks.

At the same time the Complaint was filed, Plaintiff also filed an _ex parte_ Motion for Temporary Restraining Order (Motion for TRO) (Doc. #2) seeking to enjoin Defendants from proceeding with the then-upcoming first shipment of the new edition of their "Living Well Planner."  In the Motion for TRO, Plaintiff contended that dissemination of the new planners would cause irreparable harm to Plaintiff's goodwill and reputation, since Defendants' competing planner product - confusingly-similar in both name and

---

[1] Plaintiff's filings inconsistently refer to its product as the "liveWELL Planner" and the "LIVEWELL PLANNER."  It is not clear whether the varying capitalization is a distinction with a difference when evaluating trademark protection or infringement. In this Opinion and Order, the Court refers to the product as the "Livewell Planner."

style - is of "inferior quality," and that temporary delay of the upcoming shipment would not harm Defendants.

On August 17, 2016, the Court issued an Opinion and Order (Doc. #7) denying the Motion for TRO because: i) Plaintiff had not shown a substantial likelihood of establishing superior rights to the "Livewell Planner" mark,[2] ii) Plaintiff's Motion for TRO did not "convincingly articulate" how the upcoming shipment of Defendants' new planner would result in immediate and irreparable harm to Plaintiff's reputation and goodwill, and iii) restraining shipment of the new planners by the date promised could, in contrast, subject Defendants to reputational and commercial harm. The Court found particularly significant Plaintiff's unexplained delay in seeking "emergency" relief until August 15, 2016,[3] even though the "Living Well Planner" had been commercially available for approximately ten months, and despite the U.S. Patent and Trademark Office's having issued a June 17, 2016 "Office Action" identifying Defendants' application for the "Living Well Planner." The Court took Plaintiff's related Motion for Preliminary

_____

[2] Because the Court found that Plaintiff had not carried its burden of establishing superior trademark rights, it did not address the second prong of an infringement claim: whether the two marks are the same or "confusingly similar."

[3] Recently, the Eleventh Circuit affirmed a district court's denial of a preliminary injunction in a trademark-infringement case in which the plaintiff's unexplained five-month delay in pursuing injunctive relief "militate[d] against a finding of irreparable harm." Wreal, LLC v. Amazon.com, Inc., No. 15-14390, --- F.3d ---, 2016 WL 6310784, at *2 (11th Cir. Oct. 28, 2016).

Injunction (Doc. #2) under advisement pending Defendants' forthcoming response and Plaintiff's expected reply.[4]

## II.

"[A] preliminary injunction in advance of trial is an extraordinary remedy" whose purpose "is to preserve the positions of the parties as best [the court can] until a trial on the merits may be held." Bloedorn v. Grube, 631 F.3d 1218, 1229 (11th Cir. 2011) (citations omitted). Defendants argue that the Court should deny Plaintiff this "extraordinary remedy" for the same reasons the Court denied the Motion for TRO.

While the emergency nature of a temporary restraining order allows a court to rule before the other party has responded and thus to act on information that is likely one-sided, it is otherwise true that the standard on a motion for preliminary injunction is identical to that for a temporary restraining order. Both require the movant to show that: 1) it is substantially likely to succeed on the merits of its underlying claims; 2) irreparable injury will occur, absent an award of the injunctive relief sought; 3) the risk of harm the movant faces outweighs the harm that

---

[4] That same day, Plaintiff filed a Motion (Doc. #8) requesting a hearing on the Motion for Preliminary Injunction "within fourteen days." The Court denied the Motion (Doc. #20), since Local Rule 3.01(b) gave Defendants until at least September 6, 2016 to respond to Plaintiff's request for a preliminary injunction, and advised that a determination on whether a hearing was necessary would be made after reviewing Defendants' response and Plaintiff's reply. Having so reviewed, the Court does not find a hearing on the Motion to be necessary.

granting the relief sought poses to the non-movant; 4) granting the relief sought serves the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225 (11th Cir. 2005) (per curiam). As with a motion for a temporary restraining order, because the movant "must meet all four prerequisites to obtain a preliminary injunction, failure to meet even one dooms" the motion. Wreal, 2016 WL 6310784, at *2.

Because "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper," Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000), the Court begins the analysis by reexamining its prior conclusion that Plaintiff's substantial delay in moving for ex parte relief was fatal to a showing of irreparable harm. In a sworn affidavit submitted with Plaintiff's Reply (Doc. #31), Tonya Dalton (Ms. Dalton), InkWell Press's CEO and founder, claims that she had never heard of "Living Well Spending Less," nor the "Living Well Planner," until July 6, 2016, the date on which Plaintiff actually received the June 19, 2016 Office Action identifying Defendants' "Living Well Planner" trademark application. (Id. ¶ 18.) Ms. Dalton attributes this unawareness primarily to the fact that, when she was researching other planner products in August 2015, Defendants were seemingly calling the "Living Well Planner" the "Purposeful Life Planner." (Id. ¶ 42.) As for the delay in filing suit after receiving the Office Action, Ms. Dalton avers she initially spent time researching the "Living Well

Planner" and subsequently attempted - unsuccessfully - to privately resolve the issue with Defendants.  (Id. ¶¶ 19, 26-34.) If Ms. Dalton's claims are true, then the Court agrees that Plaintiff did not unreasonably delay in pursuing injunctive relief.  See Advanced Commc'n Design, Inc. v. Premier Retail Networks, Inc., 46 F. App'x 964, 984 (Fed. Cir. 2002) ("[W]e excuse delayed requests for Rule 65 relief when . . . the movant has offered a 'good explanation' for that delay.").

Delay aside, the operative question is still whether Plaintiff has established a substantial likelihood of suffering "'imminent' irreparable harm" absent injunctive relief.  Wreal, 2016 WL 6310784, at *2.  The specific injury Plaintiff claims is harm to its reputation and goodwill caused by negative consumer reviews and feedback mistakenly left about Plaintiff's "Livewell Planner," when the consumer actually purchased Defendants' "Living Well Planner," and, conversely, by consumers mistakenly attributing their positive experiences with Plaintiff's "Livewell Planner" to Defendants.  In support thereof, Ms. Dalton's affidavit describes four instances of consumer confusion, including an August 30, 2016 email Plaintiff received from a customer who was dissatisfied with the quality of her new "Livewell Planner," despite the fact that she actually purchased Defendants' "Living Well Planner."[5]

---

[5] Based on the date and content of this email, the Court presumes Defendants have made at least one shipment of the new planner.

It is true that "[d]amage to [a] plaintiff's reputation and goodwill [is] difficult to quantify and [cannot] be undone through an award of money damages." Nane Jan, LLC v. Seasalt & Pepper, LLC, No. 2:14-CV-208-FTM-29CM, 2014 WL 5177655, at *7 (M.D. Fla. Oct. 14, 2014). In some cases, therefore, undeserved reputational harm caused by negative reactions to a competing product or service that bears an allegedly-infringing mark can justify an order preliminarily enjoining continued use of that mark. Id. (enjoining use of trademarked word in connection with restaurant services that had been reviewed unfavorably). Here, however, even assuming consumer confusion would actually *harm* Plaintiff's reputation and goodwill,[6] Plaintiff's own pre-litigation conduct prevents a finding that such harm is "imminent" and "irreparable."

Before commencing its lawsuit, Plaintiff proposed settlement terms pursuant to which Defendants were permitted to sell, *as-is*, the new planners they had already printed for an additional five months (through the end of December 31, 2016[7]), so long as Defendants: i) did not print new planners bearing the "Living Well Planner" mark, ii) ceased using a ® symbol in connection with the "Living Well Planner" mark, and iii) abandoned their application

---

[6] A brief internet search revealed that the "Living Well Planner" has been reviewed quite favorably. Hence, Plaintiff may stand to benefit if consumers purchase – and enjoy – Defendants' planner, but mistakenly believe it is Plaintiff's competing product.

[7] Notably, September through December is a "peak season" for planner sales. (Doc. #31, p. 10.)

for the "Living Well Planner" mark.  (Doc. #31, p. 9.)  While attempts to resolve legal disputes without court intervention are highly encouraged, the specific terms of Plaintiff's settlement offer are wholly inconsistent with - and therefore fatal to - a claim of imminent irreparable harm, absent an injunction.  Indeed, from these terms, the Court may fairly infer that Plaintiff's aim in proposing settlement was not to expeditiously remove products bearing the potentially-infringing "Living Well Planner" name from commerce, but rather, to afford Plaintiff an unobstructed path for registering the "Livewell Planner" mark for its own product, even if that meant incurring reputational harm.[8]

Having failed to act with the requisite urgency, Plaintiff cannot now plausibly establish a need for the extraordinary relief of a preliminary injunction to prevent imminent irreparable harm.

---

[8] Plaintiff claims Federal Rule of Evidence 408 bars consideration of this evidence.  In fact, it was Plaintiff who first invoked the proposed settlement in its Motion for Hearing, thereby waiving any objection to use of that evidence.  See De La Riva v. Soto, No. 2:15-CV-615-FTM-29MRM, --- F. Supp. 3d ---, 2016 WL 1696539, at *10 n.15 (M.D. Fla. Apr. 28, 2016) (citations omitted).  Moreover, Rule 408(a)(1) renders settlement evidence inadmissible where used to support or dispute "the validity or amount" of a *claim*, not when offered for a different purpose, like opposing the contention that irreparable harm will occur, absent a preliminary injunction. BitTitan, Inc. v. SkyKick, Inc., No. C15-0754 RSM, 2015 WL 5081130, at *8 n.3 (W.D. Wash. Aug. 27, 2015); Apple, Inc. v. Samsung Elecs. Co., No. 11-CV-01846-LHK, 2011 WL 7036077, at *40 n.39 (N.D. Cal. Dec. 2, 2011), aff'd in part, vacated in part on other grounds, remanded, 678 F.3d 1314 (Fed. Cir. 2012).  Regardless, courts may consider otherwise-inadmissible evidence in resolving a motion for preliminary injunction where "appropriate given the character and objectives of the injunctive proceeding."  Levi Strauss & Co. v. Sunrise Int'l Trading Inc., 51 F.3d 982, 985 (11th Cir. 1995).

See Wreal, 2016 WL 6310784, at *2 ("[T]he very idea of a preliminary injunction is premised on the need for speedy and urgent action to protect a plaintiff's rights before a case can be resolved on its merits." (second emphasis added) (citations omitted)). Because Plaintiff has failed to carry its burden of establishing "the sine qua non of injunctive relief," Siegel, 234 F.3d at 1176, the Court denies the request for such relief.[9]

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion for Preliminary Injunction (Doc. #2) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this 21st day of November, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record

---

[9] Since Plaintiff cannot establish imminent irreparable harm absent an injunction, the Court need not address whether Plaintiff is likely to succeed in proving trademark infringement, nor consider Plaintiff's argument that a likelihood of success on the merits would afford Plaintiff a "presumption of irreparable harm." See Hoop Culture, Inc. v. GAP Inc., 648 F. App'x 981, 985 (11th Cir. 2016) (district court's finding of no irreparable harm is [s]ufficient to rebut any presumption of irreparable harm that may have [otherwise] applied"). The Court observes, however, that the continued viability of such presumption in the trademark-infringement context has, as the Eleventh Circuit has noted, been called into question by the Supreme Court's decisions in eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006), and Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7 (2008). See, e.g., Hoop Culture, 648 F. App'x at 984-85.